UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
          :
NEW YORK WHEEL OWNER LLC, et al.,     :
          :
          Plaintiffs,    :
          :   17-CV-4026 (JMF)
  -v-      :
          :
MAMMOET HOLDING B.V., et al.,     :
          :
          Defendants.   :
          :
---------------------------------------------------------------------X
          :
NEW YORK METROPOLITAN REGIONAL CENTER,  :
L.P. II,       :
          :
          Plaintiff,    :
          :   20-CV-9477 (JMF)
  -v-      :
          :
MAMMOET USA HOLDING, INC.,     :
          :   ORDER
          Defendant.   :
          :
---------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      On November 11, 2020, New York Wheel Owner LLC and New York Metropolitan Regional Center, L.P. II filed a letter in 17-CV-4026 requesting that all claims, counterclaims, and third-party claims in that case be dismissed without prejudice, with each party to bear its own costs and attorneys' fees (subject to the resolution of any motion for sanctions that Defendants may bring). *See* 17-CV-4026, ECF No. 303. Defendants in 17-CV-4026 confirm that they do not oppose that request. 17-CV-4026, ECF No. 304. Accordingly, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, the Court hereby orders that all claims, counterclaims, and third-party claims in 17-CV-4026 are DISMISSED without prejudice.[1]

      On the same date — November 11, 2020 — the parties filed two *new* actions, reinstating, in one form or another, all of the claims at issue in 17-CV-4026. First, New York Metropolitan Regional Center, L.P. II filed a new complaint in this Court against Mammoet USA Holding,

---

[1] The parties' letters do not address the effect of this dismissal — which is based, at least in part, on lack of subject-matter jurisdiction — on the Court's prior rulings in 17-CV-4026. The Court leaves that question to another day (and perhaps another tribunal).

Inc. in 20-CV-9477 (which the undersigned has accepted as related to 17-CV-4026).  *See* 20-CV-9477, ECF No. 1.  Second, Defendants in 17-CV-4026 apparently filed an action in New York State court, which, they assert, would allow "all claims asserted" in 17-CV-4026 to "be litigated in a single forum given the related legal and factual issues."  17-CV-4026, ECF No. 304.

In light of these developments, and to discuss the next steps in both cases, the Court will hold a telephone conference on **November 23, 2020, at 4:15 p.m**.  In advance of the conference, counsel should confer and, no later than **November 19, 2020**, file a joint letter on both dockets discussing the parties' views on how the Court should proceed in 20-CV-9477 (including proposed briefing schedules, if applicable).  In that **same letter**, Defendants in 17-CV-4026 shall indicate whether they believe there is a basis to impose fees, costs, or other sanctions on New York Wheel Owner LLC or its counsel and, if so, proposing a procedure and schedule for doing so (after conferring with Plaintiffs).  (On that score, this Order supersedes the Court's Order of October 29, 2020.  *See* 17-CV-4026, ECF No. 302.)  The parties should file a copy of the New York State court complaint as an exhibit to their joint letter.

The conference will be held remotely by teleconference in accordance with Rule 2(A) of the Court's Emergency Individual Rules and Practices in Light of COVID-19, available at https://nysd.uscourts.gov/hon-jesse-m-furman.  The parties should join the conference by calling the Court's dedicated conference line at (888) 363-4749 and using access code 542-1540, followed by the pound (#) key.  (Members of the public and press may also attend using the same dial-in information; they will not be allowed to speak during the conference.)

As stated in Rule 2(C)(ii) of the Court's Emergency Individual Rules and Practices in Light of COVID-19, **no later than 24 hours before the conference**, the parties shall email the Court a list of counsel who may speak during the teleconference and the telephone numbers from which counsel expect to join the call.  More broadly, counsel should review and comply with the rules and guidance regarding teleconferences set forth in the Court's Emergency Individual Rules and Practices in Light of COVID-19.

The Clerk of Court is directed to close 17-CV-4026.

SO ORDERED.

Dated: November 13, 2020
New York, New York

JESSE M. FURMAN
United States District Judge

2