

201 Santa Monica Blvd.,
Suite 600
Santa Monica,
California 90401
TEL 310.656.7066
FAX 310.656.7069
jonas@dovel.com

July 12, 2021

<u>Via ECF</u>
The Honorable Jesse M. Furman
U.S. District Court, Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

Re: *New York Wheel Owner LLC et al. v. Mammoet Holding B.V. et al.*, No. 17-CV-4026

Dear Judge Furman:

The Court previously granted leave for the parties to temporarily file certain documents under seal, pending its decision on Mammoet's motion for sanctions. The Court recently resolved that motion (ECF No. 350) and ordered the parties to show cause why any document should remain under seal or redacted. We write on behalf of New York Wheel to move for certain documents to remain under seal or redacted.

New York Wheel moves for two categories of exhibits to remain sealed: (1) New York Wheel's internal ownership charts and tables; and (2) New York Wheel's privilege log regarding its citizenship and jurisdictional analyses. We address each category below (identifying specific docket numbers for relevant exhibits).

In addition, New York Wheel requests the continued sealing of the following, unredacted briefs and supporting declarations. New York Wheel previously publicly filed proposed redactions, where are identified by docket number below. The redactions are narrowly tailored to remove disclosures of confidential information contained in the sealed exhibits.

| Sealed brief (ECF No.) | Public redacted version (ECF No.) |
|---|---|
| 327 (Mammoet motion) | 329-1 (Mammoet motion) |
| 328 (Declaration) | 329-2 (Declaration) |
| 334 (New York Wheel opposition) | 335-1 (New York Wheel opposition) |
| 339 (Mammoet reply) | 342-1 (Mammoet reply) |

1. **New York Wheel ownership charts and tables (ECF Nos. 328-1, 328-2, 328-3, 328-5, 328-10, 341-1).**

These are internal charts and tables identifying New York Wheel's investors, their fractional ownership shares, and the dollar amount of their investments. This category includes ECF Nos. 328-1, 328-2, 328-3 (NYW ownership charts) and 328-5 (NYW Investor LLC Operating Agreement) and 341-1 (NYW Owner LLC Agreement). This category also includes one SEC report pulled by Defendants (ECF No. 328-10). While this document itself is public, its public association with Defendants' motion would identify this entity as an investor in New York Wheel (which is not public).

These documents can properly remain sealed, for three reasons.

*First*, in "determining the weight to be accorded an assertion of a right of privacy, courts should first consider the degree to which the subject matter is traditionally considered private rather than public. Financial records of a wholly owned business … will weigh more heavily against access than conduct affecting a substantial portion of the public." *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995). New York Wheel is a private LLC and its investor information is generally private. [1] Its ownership charts and tables substantially consist of non-public information, identifying its numerous investors, their fractional share, and their financial stakes. Thus, the nature of this information weighs more heavily against public access.

*Second*, the "privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation." *Amodeo*, 71 F.3d at 1050 (internal quotes omitted). Most of New York Wheel's investors are innocent third-parties that have no control over, or involvement in, this litigation. So the privacy interest of these investors weighs "heavily" against public disclosure.

*Third*, when documents are unrelated to the core merits of a case—and are instead related to a peripheral issue— the presumption of public access has less weight. *Amodeo*, 71 F.3d at 1049-50 (the presumption is a "continuum" where documents central to the merits—e.g., "evidence introduced in trials"—are more strongly presumed to be publicly accessible). New York Wheel's ownership charts and tables are relevant only to a peripheral sanctions dispute that is now resolved. These documents have nothing to do with the merits. Therefore, there is not a strong presumption of public access.

In sum, the presumption of public access is substantially weaker here. Because that presumption is overcome by the privacy interests of New York Wheel's third-party investors, these documents may properly remain sealed.

---

[1] While most of New York Wheel's investor information is confidential, two investors identified in the briefing are publicly known. We did not redact the names of these investors in the publicly-filed versions of the briefs.

**2. New York Wheel's privilege log regarding its citizenship and jurisdictional analyses (ECF No. 328-12).**

The purpose of this log was to provide Defendants and the Court with sufficient information about confidential, privileged communications to be able to evaluate the privileges claimed. The public has no strong interest in this information. It is a detailed log, containing hundreds of entries describing particular privileged communications and each individual involved. And, as explained above, this document is not central to the adjudication of the core merits (it is unrelated to the merits). Accordingly, this document can properly remain under seal.

Respectfully,

Jonas Jacobson
Dovel & Luner LLP
Counsel for New York Wheel


cc: counsel of record via ECF.

The Court agrees that the documents described in New York Wheel's letter, ECF No. 351, should remain sealed or redacted, substantially for the reasons stated in the letter. The Clerk of Court is directed to terminate ECF No. 351. SO ORDERED.

July 13, 2021